GLADYS JOHNSON LEE v. GORDON B. HOHN AND AVIS RENT-A-CAR
SYSTEM, INC., (ORIGINAL DEFENDANTS) AND JOHN C. PANCKEY AND
PAUL S. LEE (ADDITIONAL DEFENDANTS).

(Filed 16 October 1963.)

**Torts § 6—**

Where the jury finds that the individual defendant was not guilty of
negligence in connection with the accident in suit, judgment is properly
entered dismissing the action as to the individual defendant, as to the cor-
porate defendant sought to be held liable under the doctrine of *respondeat
superior*, and also as to the defendants joined for contribution.

APPEAL by plaintiff from *Morris, J.,* May, 1963 Term, LENOIR Su-
perior Court.

Plaintiff Gladys Johnson Lee instituted this civil action against
Gordon B. Hohn and Avis Rent-A-Car System, Inc., for damages,
alleging the plaintiff was injured while riding as a passenger in a
Buick automobile owned by Paul S. Lee and operated by Gladys S.
Bennett. The injury grew out of an automobile collision involving
three vehicles near Raeford. One of the vehicles was a Ford owned by
the defendant Avis Rent-A-Car-System, Inc., and operated by the
defendant Gordon B. Hohn. The third vehicle involved was operated
by John C. Panckey. Upon motion of the original defendant Hohn,
John S. Panckey and Paul S. Lee were made additional parties de-
fendant against whom the original defendant Hohn alleged a cross ac-
tion for contribution.

After pleadings were filed on behalf of all parties, the court heard
evidence presented by the plaintiff and by the original defendant
Gordon B. Hohn. At the conclusion of all the evidence the defendants
entered motions for nonsuit which the court denied. The jury found
that Gordon B. Hohn was not guilty of negligence in connection with
the accident. Upon the verdict, judgment was entered dismissing the
action as to all defendants. The plaintiff appealed.

*Lamar Jones for plaintiff appellant.*
*Whitaker & Jeffress, Thomas H. Morris, Attorneys for Gordon B.
Hohn, defendant appellee.*

PER CURIAM. The jury found that Hohn, the driver of the other
original defendant's Ford, was not guilty of negligence. That finding
likewise exonerated the owner and the additional defendants whom
Hohn had brought in for purposes of contribution. Error does not ap-

pear in the trial. Consequently, in the judgment dismissing the action as to all defendants, there is

No error.